```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/2/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
PRISTINE JEWELERS NY, INC.,                                       :
:
               Plaintiff,                :
:       18-cv-12155 (LJL)
       -v-                                               :
:       OPINION & ORDER
ADRIEN BRONER, RAVONE LITTLEJOHN, and                             :
ABOUT BILLIONS, LLC,                                              :
:
               Defendants.               :
:
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

    The Court has two applications before it by attorney Dmitriy Shakhnevich for Defendant Ravone Littlejohn, Dkt. No. 51, and by attorney Kevin M. Brown of Mintz & Gold LLP for Defendant About Billions, LLC ("ABL"), Dkt. Nos. 54, 55, 56, to withdraw as counsel. On January 20, 2020, Mr. Shakhnevich submitted a letter *in camera* explaining the reasons for the withdrawal of counsel to Defendant Littlejohn. On February 24, 2020, the Court directed Mr. Brown to also submit a letter *in camera* explaining the reason for withdrawal of counsel to Defendant ABL, which he did on February 26, 2020.

    On a motion to withdraw as counsel, the Court is required to consider: "[1] the reasons for withdrawal and [2] the impact of the withdrawal on the timing of the proceeding." *See TufAmerica, Inc. v. Codigo Music LLC*, 11-cv-1434, 2017 WL 3475499, at *5 (S.D.N.Y. Aug. 11, 2017) (citation omitted); *see also Whiting v. Lacara*, 187 F.3d 317, 320-21 (2d Cir. 1999).

    The letter submitted by Mr. Shakhnevich indicates that the "breakdown in the attorney-client relationship" is indeed "irreversible." Dkt. No. 51. Mr. Shakhnevich does not seek to assert any lien with respect to Defendant Littlejohn, and neither Defendant Littlejohn nor

Plaintiff submitted opposition papers to this motion.  Accordingly, the motion to withdraw as counsel for Defendant Littlejohn is GRANTED.

As for Defendant ABL, it was dismissed from the case upon this Court's endorsement of the settlement agreement on June 20, 2019 and subject to the Court's retention of jurisdiction to enforce the agreement.  Dkt. No. 35.  However, on January 22, 2020, Plaintiff sought leave to reopen this settlement agreement and move for a default judgment, which would reopen litigation against Defendant ABL in addition to Defendant Broner.  Dkt. No. 53.

The Court is satisfied by the reasons for withdrawal listed in Mr. Brown's letter, and Mr. Brown does not intend to assert any lien with respect to Defendant ABL nor has any other party submitted opposition papers.  Additionally, though it is true that Defendant ABL would have to acquire new counsel to defend in any default judgment proceeding, it would appear that such proceeding will require little—if any discovery—and any "delay of potential motion practice will not disrupt the proceedings to the point where denial would be warranted." *Taub v. Arrayit Corp.*, 15-cv-1366, 2016 WL 4146675, at *2 (S.D.N.Y. Aug. 4, 2016) (citation omitted).  Nor is this case on the verge of trial as "the case was concluded once judgment was entered," the parties had agreed the court would retain jurisdiction for purposes of enforcement, and granting Defendant ABL sufficient time to obtain new counsel would "not adversely affect the court's calendar." *United States v. Estate of Wiesner*, No. 05-1634, 2017 WL 1450594, at *11 (E.D.N.Y. Mar. 15, 2017), *report and recommendation adopted*, 2017 WL 1458724 (E.D.N.Y. Apr. 24, 2017).

However, "[i]t is settled law that a corporation may not appear in a lawsuit against it except through an attorney, and that, where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55." *S.E.C. v. Research Automation*

*Corp.*, 521 F.2d 585, 589 (2d Cir. 1975) (internal citations omitted); *see also Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 192 (2d Cir. 2006), *cert. denied*, 549 U.S. 1114 (2007). Accordingly, the Court will permit counsel for Defendant ABL to withdraw effective March 27, 2020.

Defendant ABL is hereby put on notice that it must retain counsel if it intends to defend. If counsel does not enter an appearance in this case by March 30, 2020, the Court will entertain a motion for a default judgment against Defendant ABL. Current counsel for Defendant ABL is ordered to serve a copy of this Order on ABL forthwith (and no later than two days from the date of this Order) by email using the methods set forth in Federal Rule of Civil Procedure 5(b)(2) and to file a proof of service with the Court upon service.

A status conference is scheduled for April 1, 2020 at 3:00 p.m. The case will remain stayed until that time.

The Clerk of Court is directed to close Dkt. Nos. 51, 54, 55, and 56.

SO ORDERED.

Dated: March 2, 2020
      New York, New York

LEWIS J. LIMAN
United States District Judge