```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __3/6/2020__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                          :
PRISTINE JEWELERS NY, INC.,                    :

                              Plaintiff,                      :
                                          :           18-cv-12155 (LJL)
       -v-                                     :
                                          :                <u>ORDER</u>
ADRIEN BRONER, RAVONE LITTLEJOHN, and   :
ABOUT BILLIONS, LLC,                          :
                                          :
                             Defendants.            :
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

        On March 6, 2020, Plaintiff Pristine Jewelers NY, Inc. moved for an adjournment of the April 1, 2020 status conference and to reconsider this Court's Order granting the withdrawal of counsel for Defendants Ravine Littlejohn and About Billions, LLC ("ABL"). *See* Dkt. No. 60. In that Order, the Court put ABL on notice that, as an unrepresented corporation, it must retain counsel and enter an appearance by March 30, 2020 if it intends to respond to Plaintiff's motion for a judgment against Defendants Adrien Broner ("Broner") and ABL (the "Settling Defendants"). Dkt. No. 58. That motion for judgment claims that the Settling Defendants are in violation of the settlement agreement approved by the Court on June 20, 2019, *see* Dkt. No. 35, and over which the Court retains jurisdiction. Dkt. No. 53.

        Plaintiff's application says that the Court's Order is contrary to the bargained terms of the settlement agreement, because having settled their claims, the Settling Defendants have relinquished their right to further appear and participate in the proceedings. This application misinterprets the Order and ignores the due process right of parties to receive notice and an opportunity to be heard. The Court's Order put ABL on notice that if it intends to respond to the

motion for judgment, it must first retain counsel in order to do so, and the Court scheduled a status conference to provide an opportunity for the Settling Defendants to respond to the allegation made against them. The Court's Order does not upset the settlement agreement, and Plaintiff is wrong to so interpret the Court's Order.

The conference previously scheduled for April 1, 2020 is ADJOURNED until April 2, 2020 at 9:30 a.m. No appearance will be required if counsel for ABL does not enter an appearance by March 30, 2020 and if Broner does not enter an appearance or indicate that he intends to dispute Plaintiff's motion by March 30, 2020. If no appearance is required, counsel for Plaintiff may submit a declaration in support of his motion for reasonable attorneys' fees and costs in connection with enforcement and collection of a default judgment.

Before filing its letter motion, counsel for Plaintiff called Chambers to convey the contents of its forthcoming letter motion but no other substantive conversation occurred. Plaintiff is admonished that all future communications with the Court should be in writing and filed on ECF pursuant to Rule 1(A) of this Court's Individual Practices in Civil Cases. When seeking relief, Plaintiff should file a letter motion pursuant to Rule 1(B) and should not call Chambers in an attempt to discuss that requested relief. The Court assumes that counsel will not repeat this conduct.

The Clerk of Court is respectfully directed to close Dkt. No. 60.

SO ORDERED.

Dated: March 6, 2020
      New York, New York

LEWIS J. LIMAN
United States District Judge