UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__5/11/2020__
```

-----------------------------------------------------------------------X
:
PRISTINE JEWELERS NY, INC.,                                            :
                                                                       :
                              Plaintiff,                               :
                                                                       :                18-cv-12155 (LJL)
              -v-                                                      :
                                                                       :           MEMORANDUM OPINION
ADRIEN BRONER, RAVONE LITTLEJOHN, and                                  :              AND ORDER
ABOUT BILLIONS, LLC,                                                   :
                                                                       :
                              Defendants.                              :
                                                                       :
-----------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

    Plaintiff moves the Court for default judgment on a settlement agreement and for

attorney's fees and costs.  *See* Dkt. Nos. 63, 64.  The Court accepts Plaintiff's factual allegations

as true in light of the default.  *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).

    On December 24, 2018, Plaintiff Pristine Jewelers NY, Inc. ("Pristine") filed a complaint

against Defendants Adrien Broner ("Broner"), About Billions LLC ("ABL"), and the principal of

ABL, Ravone Littlejohn ("Littlejohn") (the "Complaint").  Dkt. No. 1.  The Complaint alleges

that Defendants purchased jewelry from Plaintiff on October 13, 2017, December 13, 2017, and

August 8, 2018, but failed to pay for such purchases.  The terms and conditions of those jewelry

purchases provided for a late fee of 1.5% per month, which accrued to $100,000 for the

purchases.  On several occasions, Defendants promised Plaintiff they would pay, going so far as

to enter into a contract on June 1, 2018, setting out the schedule for repayment, but they made

only two payments totaling $100,000.  Dkt. No. 1 at 12-13.  In other instances, Plaintiff gave

Defendants credit against their balance owed through "trade-in jewelry."  Defendants also wrote

checks to Plaintiff that were returned due to insufficient funds.  Dkt. No 1 at 11.  Based on the

purchases, credits and two payments, and interest, Defendants owed Plaintiff a total of
$1,252,000.

Plaintiff entered into a settlement agreement with Defendants Broner and ABL (together,
the "Settling Defendants"), which the Court endorsed on June 20, 2019 (the "Settlement
Agreement").  Dkt. No. 35.  Through that endorsement, the Court expressly stated that it would
continue to retain jurisdiction over the action for the purpose of enforcing the terms of the
Settlement Agreement.  *Id.* (citing *Hendrickson v. United States*, 791 F.3d 354 (2d Cir. 2015);
*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994)).  Defendant Littlejohn was not
a party to the Settlement Agreement and was expressly severed from the claims against the
Settling Defendants.

The Settlement Agreement requires the Settling Defendants to jointly pay to Plaintiff the
amount of $1,252,000 in three installments.  The first payment of $252,000 would be made
within two (2) business days of the signed date on the Settlement Agreement.  The remaining
payments were based on the affirmative representations by Settling Defendants that Defendant
Broner was scheduled to engage in two professional boxing matches, the first in 2019 ("Match
I") and the second by June 2020 ("Match II"), and that the proceeds of the two matches would be
used to pay the settlement amount.

The Settlement Agreement requires the second payment of $500,000 to be made by the
time of the "first bell" of Match I.  Failure of the first bell for Match I to occur by September 1,
2019, would result in an interest rate of 18% per annum accruing on outstanding arrears from
January 1, 2019 until the payment of $500,000 was paid in full.  Additionally, if the first bell for
Match I failed to occur by December 31, 2019, and consequently the Settling Defendants had
failed to pay either of the two remaining installments, the Settling Defendants would be in

material breach of the Settlement Agreement, and Plaintiff would be entitled to a default judgment in the *full amount of $1,000,000*, plus interest from the dates of the jewelry purchases on October 13, 2017, and December 13, 2017, at the rate of 18%, plus costs and reasonable attorneys' attendant to this case and in any enforcement matter related to the Settlement Agreement.

The third and final payment of $500,000 would be made on the date of Match II.  Failure of the first bell for Match II to occur six (6) months after Match I, and the consequent failure to pay the third installment, would result in a material breach such that Plaintiff would be entitled to a default judgment in the full amount of $1,000,000 plus interest from October 13, 2017, and December 13, 2017, at the rate of 18%, plus costs and reasonable attorneys' attendant to this case and in any enforcement matter related to the Settlement Agreement.

On January 2, 2020, Plaintiff informed the Court that the Settling Defendants were in breach of the Settlement Agreement. Dkt. No. 50.  The Settling Defendants made the first payment of $252,000 but had not made the second payment of $500,000.  On January 22, 2020, Plaintiff filed a motion asking the Court to enforce the Settlement Agreement.[1]  Dkt. No. 53. The Settling Defendants did not respond to Plaintiff's motion for a default judgment on the Settlement Agreement.  The Settling Defendants similarly did not respond to the Court's March 6 order in which it scheduled a conference on Plaintiff's motion but said that the conference would be cancelled if new counsel for Defendant ABL did not appear by March 30 and if

---

[1] Also on January 22, 2020, counsel for Defendant ABL moved to withdraw as counsel.  Noting that a corporation may not appear in a lawsuit against it except through an attorney, the Court on March 2 granted counsel's request to withdraw, but only effective by March 27 and after serving a copy of the Court's order on Defendant ABL in order to put it on notice that it would need to file an appearance by March 30 or be subject to default.  Dkt. No. 58; *see also* Dkt. No. 61. Defendant ABL never appeared through new counsel in this action.

Defendant Broner did not enter an appearance or indicate that he intended to dispute the motion. *See* Dkt. No. 61.  On March 31, 2020, the Court asked Plaintiff to submit its proposed judgment, which it did on April 14 and later amended on April 27.  Dkt. Nos. 63-64.

In its motion, Plaintiff seeks judgment in the amount of $1,388,330.63, which includes the $1,000,000 principal plus accrued interest of $388,330.63.  Plaintiff claims that Settling Defendants were obligated to make certain payments and failed to do so; Settling Defendants also did not attempt to cure the breach under the Settlement Agreement's cure provision.  *See* Dkt. No. 34-2 ¶ 4.  The Settling Defendants have not appeared in the action to dispute these allegations despite having received a "Notice of Default" dated January 2, 2020.  *See* Dkt. No. 50-1.

Plaintiff's counsel also seeks attorney's fees of $138,838.06 and costs of $1,120 in connection with the action and enforcement of the action.  This calculation is based on counsel's retainer agreement with Plaintiff that provides for a 10% contingency upon the entry of a judgment based on default, or $100,000, plus 10% of the accrued interest in the judgment, or $38,833.06.  To the extent that the Court wishes to base attorney's fees based on time expended, Plaintiff's counsel submits that the lodestar is equal to $39,320 based on an hourly rate of $500 and 78.64 hours expended on this matter.

"The awarding of attorneys' fees in diversity cases is governed by state law."  *Raymond James & Assocs., Inc. v. Vanguard Funding, LLC*, 2018 WL 8758763, at *4 (S.D.N.Y. Apr. 16, 2018), *report and recommendation adopted*, 2019 WL 2281275 (S.D.N.Y. May 28, 2019) (quoting *Grand Union Co. v. Cord Meyer Dev. Co.*, 761 F.2d 141, 147 (2d Cir. 1985)).  The Settlement Agreement provides for the application of New York state law.  *See* Dkt. No. 34-2 ¶ 19.  "Under New York law, a contract that provides for an award of reasonable attorneys' fees

to the prevailing party in an action to enforce the contract is enforceable if the contractual language is sufficiently clear." *Id.* (quoting *NetJets Aviation, Inc. v. Metro Found. Contractors, Inc. v. LLC*, 537 F.3d 168, 175 (2d Cir. 2008)).

The Settlement Agreement evidences an agreement among the parties providing for an award of attorney's fees and costs to Plaintiff's counsel.  The Settlement Agreement expressly states that in the event of breach, Plaintiff is entitled a default judgment that includes "costs and reasonable attorney's fees attendant to this case and any collection proceedings."  Dkt. No. 34-2 ¶¶ 1(c)(iv), 1(d)(iii), 3(a)(i)-(ii).  Thus, Plaintiff's counsel may recover attorney's fees and costs.

District courts have broad discretion to determine a fee award.  *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  The lodestar is a presumptively reasonable fee, but it is not conclusive in all circumstances.  *See Arbor Hill Concerned Citizens Neighbor Ass'n v. Cty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008).  The Court recognizes the difficulties Plaintiff's counsel faced in liaising with the Settling Defendants and the risks it took in accepting a contingency fee given the Settling Defendants' often, and perhaps intentional, unavailability, *see, e.g.*, Dkt. No. 64-3 ¶ 7 n.2, as well as counsel's efforts to resolve the dispute first informally.  *See Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 53-54 (2d Cir. 2000).

At the same time, the contingency fee is significantly higher than counsel's lodestar, and the Settlement Agreement does not indicate that the Settling Defendants were aware of the retainer agreement's 10% provision and agreed to pay 10% of the ultimate judgment in attorney's fees.  Ordinarily a contingency fee that is higher than the lodestar might indicate that counsel was particularly successful in achieving a certain outcome for its client.  While that may be true in this case as it pertains to counsel's achievement of a settlement agreement, the judgment awarded to Plaintiff is based on a default of a settlement agreement, and that default

judgment amount is based on amounts already owing to the Plaintiff plus interest based on the Settlement Defendants' failure to appear, rather than significant effort by counsel.[2]  As a result, the Court believes that somewhere in between the requested fee based on the retainer agreement and the loadstar amount, or $75,000, is reasonable.  The request for costs of $1,120, which consists of the filing fee to commence the action, service of process fees, and statutory docket fees, is also reasonable.  *See Raymond James*, 2018 WL 8758763, at *6.

Accordingly, this Court GRANTS Plaintiff's motion to enforce the Settlement Agreement and GRANTS IN PART the motion for attorney's fees and costs.  The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendants Broner and ABL in the amount of $1,388,330.63, plus attorney's fees of $75,000 and costs of $1,120.  The Clerk of Court is respectfully directed to close Dkt. No. 53.

Plaintiff shall submit a letter to the Court on ECF informing the Court as to the status of this action with respect to Defendant Littlejohn by May 25, 2020.


SO ORDERED.

Dated: May 11, 2020
       New York, New York          _____
                                            LEWIS J. LIMAN
                                     United States District Judge

---

[2] The Court, however, does note and credit Plaintiff's counsel's contention that he participated in "[e]xtensive negotiations and dialog among adverse counsel in an attempt to preserve the settlement."  Dkt. No. 64-3 ¶ 11(h).