UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                            :

PRISTINE JEWELERS NY, INC.,                         :

                          Plaintiff,                              :

            -v-                                              :

ADRIEN BRONER, et al.,                               :

                       Defendants.                         :
------------------------------------------------------------------X

18-cv-12155 (LJL)

OPINION AND ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/5/2020

LEWIS J. LIMAN, United States District Judge:

      Defendant Ravone Littlejohn ("Littlejohn") moves to amend his answer to assert two affirmative defenses.  Dkt. Nos. 70, 76-1.  Plaintiff Pristine Jewelers NY, Inc. ("Pristine") opposes the motion on the grounds that the affirmative defenses are contradicted by the "objective facts" and thus are futile.

      When a party files a motion to amend after the pleading deadline set forth in the case management plan and scheduling order, Fed. R. Civ. P. 16(b) governs and the party must establish "good cause" to amend its pleadings.  *See Sherman v. Fivesky, LLC*, 2020 WL 5105164, at *1 (S.D.N.Y. Aug. 31, 2020).  "To show good cause, a movant must demonstrate diligence before filing her motion, such that despite the movant's effort, the deadline to amend the pleadings could not have been reasonably met."  *Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 197 (S.D.N.Y. 2014).  "Even if good cause is established, however, a court may deny a motion to amend if the proposed amendment 'would be futile, unduly prejudicial, or otherwise improper.'"  *DeCastro v. City of New York*, 2020 WL 4932778, at *7 (S.D.N.Y. Aug. 24, 2020) (quoting *Youngers v. Virtus Inv. Partners Inc.*, 2017 WL 5991800, at *6 (S.D.N.Y.

Dec. 4, 2017)); *see Hunt v. All. N. Am. Gov't Income Tr., Inc.*, 159 F.3d 723, 728 (2d Cir. 1998) ("It is proper to deny leave to replead where there is no merit in the proposed amendments or amendment would be futile.").

"In the case of an amendment to add a new defense, futility ought technically [to] turn on the proposed defense's legal sufficiency and whether it is subject to a motion to strike under Fed. R. Civ. P. 12(f)," though the distinction is "largely semantic" since the standard by which "12(f) and 12(b)(6) motions are evaluated are mirror images." *Credit Suisse First Boston, LLC v. Intershop Commc'ns AG*, 407 F. Supp. 2d 541, 546 (S.D.N.Y. 2006) (quotation marks and internal citations omitted). The plausibility standard of *Twombly* applies to determining the sufficiency of an affirmative defense, such that a party must "support [its] defenses with some factual allegations to make them plausible." *GEOMC Co., Ltd. v. Calmare Therapeutics, Inc.*, 918 F.3d 92, 98-99 (2d Cir. 2019).

## DISCUSSION

This action grows out of Plaintiff's sale over one million dollars of jewelry to boxer and co-Defendant Adrien Broner ("Broner"). Defendant Littlejohn, who was Broner's manager, signed four checks to pay for the sales, which were drawn from the bank account of co-Defendant About Billions, LLC ("ABL"), of which Littlejohn is principal. The checks were returned due to insufficient funds.

Plaintiff seeks to recover damages from Littlejohn based on Plaintiff's contention that Littlejohn is liable to Plaintiff for the purchases by virtue of the fact that Littlejohn signed the four dishonored checks. Broner and ABL settled the action but have failed to comply with their settlement agreement. *See* Dkt. Nos. 35, 58. Littlejohn seeks to defend on the grounds that Plaintiff was aware of the fact that Littlejohn was signing and issuing the checks for the benefit

of Broner, and not in his personal capacity, with the clear understanding that Broner was going to cause sufficient funds to be placed into Littlejohn's business account to cover the checks.

At issue are two affirmative defenses. The first affirmative defense reads as follows:

> Plaintiff fails to state a cause of action against Answering Defendant [(i.e., Littlejohn)] by virtue of the facts that Answering Defendant was not a party to or a beneficiary of any of the agreements upon which Plaintiff's claims are based.

Dkt. No. 76-1 at 20 ¶ 1.

The second affirmative defense reads as follows:

> Plaintiff['s] claims against Answering Defendant are barred by virtue of the fact that at the time that Plaintiff accepted the checks signed by Answering Defendant Plaintiff was well aware of the fact that Answering Defendant was signing the checks in a representative capacity for Defendant Broner and not in his personal capacity, consequently Answering Defendant cannot be held to be personally liable for the payment of the dishonored checks pursuant to N.Y. U.C.C. 3-403(2)(b).

*Id.* at 21 ¶ 2.

Plaintiff argues that the amendment should be denied because the amendments are inconsistent with the "objective" facts, including that Littlejohn was intertwined with the transactions and benefitted from them. He does not argue, however, that such allegations if true could not give rise to affirmative defenses.

Littlejohn is right that the rule in New York is that, ordinarily, an authorized representative who signs his own name to an instrument is personally obligated if the instrument names the person represented and does not show that the representative signed in a representative capacity, subject to the qualification "except as otherwise established between the immediate parties." N.Y. U.C.C. § 3-403; *accord Rotuba Extruders v. Ceppos*, 385 N.E.2d 1068, 1070 (1978). "In adopting this exception, the drafters of the code followed the more liberal pre-existing New York rule permitting proof of an agreement or understanding that personal liability of the signer was not intended." *Rotuba Extruders*, 385 N.E. at 1070. Such proof may

3

be implicit or explicit but must be sufficient to show "that the taker of the [agreement] knew or understood that the signer intended to execute the instrument in a representative status only." *Id.* at 1071.   The signer must prove "an agreement, understanding or course of dealing" rebutting the presumption of personal liability.  *Id.*; *see Arde Apparel, Inc. v. Matisse Ltd.*, 658 N.Y.S.2d 627, 628 (1st Dep't 1997) ("While it is true that one who signs a negotiable instrument without indicating that his or her signature is made in an agency capacity will ordinarily be personally obligated upon the instrument, it is also true that this rule of personal liability admits of exception where it is established that the immediate parties to an instrument have otherwise agreed that the signatory will not be held individually responsible.") (internal citations omitted); *see also Combine Int'l v. Berkley,* 529 N.Y.S.2d 790, 792 (1st Dep't 1988) (denying summary judgment where course of dealing raised issues of fact concerning whether defendant signed in his representative capacity).

In federal court, a defendant must plead some facts in support of its affirmative defense. *See Town & Country Linen Corp. v. Ingenious Designs LLC*, 2020 WL 3472597, at *4 (S.D.N.Y. June 25, 2020); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007).  That is especially so when there has been already been some discovery that would enable defendant to plead more detail in support of its affirmative defense.  *See Broidy Capital Mgmt. LLC v. Benomar*, 944 F.3d 436, 447 (2d Cir. 2019) ("If [a party] had evidence to support the new allegations . . . [it] could and should have presented that evidence to the district court.").[1]  Littlejohn has failed to plead such facts.  He simply asserts the elements of the New York Commercial Code without pleading facts that would support that there

---

[1] Paper and expert discovery are complete in this case.  According to the parties at the August 17, 2020 conference, the only remaining discovery involves depositions of Littlejohn, Plaintiff, and perhaps Broner, and limited related paper discovery.

was an agreement, understanding or course of dealing that would fit without the exception to Section 3-403. *Id.* (affirming denial of leave to amend where proposed amendment "simply adds conclusory allegations and legal arguments").

## CONCLUSION

The motion to amend is DENIED without prejudice to Defendant filing a renewed motion within 30 days of this Opinion and Order. The Court will consider the requests for limited discovery from the parties thereafter.

The Clerk of Court is respectfully directed to close Dkt. Nos. 70, 72.

SO ORDERED.

Dated: October 5, 2020
      New York, New York

_____
          LEWIS J. LIMAN
         United States District Judge